UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

IREGOUS PARKS BEY,　　　　　　　　　　Case No. 17-cv-1853-PAM-KMM

　　　　　　Petitioner,

v.　　　　　　　　　　　　　　　　　　**REPORT AND**
　　　　　　　　　　　　　　　　　　　**RECOMMENDATION**

TOM WATSON, Warden,

　　　　　　Respondent.

In 2006, petitioner Iregous Parks Bey pleaded guilty in the United States District Court for the Northern District of Iowa to conspiracy to distribute crack cocaine and possession of a firearm in furtherance of a drug-trafficking crime. *See United States v. Bey*, No. 1:06-CR-0025-LRR (N.D. Iowa filed Mar. 15, 2006). He was sentenced to a total of 300 months' imprisonment as a result. *Id.* In 2007, Mr. Parks filed a motion for collateral relief pursuant to 28 U.S.C. § 2255 in the Northern District of Iowa. *See Parks v. United States*, No. 1:07-CV-0112-LRR (N.D. Iowa filed Oct. 19, 2007). The motion was denied on the merits. *Id.*

Mr. Parks now seeks mandamus relief in the form of an order compelling respondent Tom Watson, the warden at the correctional facility where Mr. Parks is now detained, "to perform his official duty by immediately releasing Petitioner from his custody." Petition at 1 [ECF No. 1]. Mr. Parks seeks his release not on the basis

of the invalidity of his conviction or sentence, but because, as a Sheik of the Moorish Science Temple of America, he is supposedly immune from incarceration.

This claim, which Mr. Parks is not the first to raise, is frivolous. *See Bey v. State*, 847 F.3d 559, 560-61 (7th Cir. 2017); *Muhammad-Bey v. Craane*, No. 16-CV-1988 (PJS/SER), 2016 WL 6600491, at *1 (D. Minn. Nov. 7, 2016); *Tanner-Bey v. Minnesota Dep't of Corrections*, No. 15-CV-2339 (DSD/TNL), 2015 WL 4429314, at *2 n.2 (D. Minn. July 20, 2015); *Freeman v. Bernsen*, No. 4:14-CV-336-AGF, 2014 WL 1316249, at *1 (E.D. Mo. Apr. 2, 2014) ("[P]etitioner's purported status as a Moorish-American citizen does not enable him to violate state and federal laws without consequence."). By all indications, Mr. Parks was lawfully convicted of the crimes for which he is now incarcerated, and he cannot challenge the validity of that conviction in this jurisdiction. *See* 28 U.S.C. § 2255(e). Nothing about his membership with the Moorish Science Temple of America insulates Mr. Parks from the punitive consequences of his conviction. *See United States v. White*, 480 Fed. App'x 193, 194 (4th Cir. 2012) (per curiam) ("Neither the citizenship nor the heritage of a defendant constitutes a key ingredient to a district court's jurisdiction in criminal prosecutions."). Because the action is frivolous, the application of Mr. Parks to proceed *in forma pauperis* must be denied, and this action must be dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

# RECOMMENDATION

Based upon the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT:**

1. This matter be SUMMARILY DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

2. The application to proceed *in forma pauperis* of petitioner Iregous Parks Bey [ECF No. 2] be DENIED.

Dated: July 17, 2017              *s/ Katherine Menendez*
                                  Katherine Menendez
                                  United States Magistrate Judge

# NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).